**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
----------------------------------------------------------------X
GAN DI LIN, *on behalf of himself and all*
*others similarly situated,*

Plaintiff,

v.

AZURE ENTERPRISES LLC d/b/a Aoyama French
Thai & Japanese, FANGCHENG LIANG, a/k/a Peter
Liang, XIAONAN ZHAO, and QIZHAN JACK YAO

Defendants,
----------------------------------------------------------------X

Case No:

**29 U.S.C. § 216(b) COLLECTIVE
ACTION**

**COMPLAINT**

Plaintiff Gan Di Lin ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendants AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese ("Corporate Defendant"), FANGCHENG LIANG, a/k/a Peter Liang, XIAONAN ZHAO, and QIZHAN JACK YAO (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a *et seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice

1

of failing to pay their employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs, and (6) unpaid expenses related "tools of trade".

4.      Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid wage and minimum wage compensation, (2) unpaid overtime compensation, (3) prejudgment interest, (4) post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.      Plaintiff Gan Di Lin is an individual residing in Queens County, New York.

8.      From July 16, 2017 to October 15, 2017, Plaintiff Gan Di Lin was employed by AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese ("Corporate Defendant"), FANGCHENG LIANG, a/k/a Peter Liang, XIAONAN ZHAO, and QIZHAN JACK YAO located at 319 Franklin Ave., Suite 112, Wyckoff, NJ 07481 as a sushi bar chef.

9.

## DEFENDANTS

*Corporate Defendants*

10.     Defendant AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese is a domestic business corporation organized under the laws of the State of New Jersey with a principal business address at 319 Franklin Ave., Suite 112, Wyckoff, NJ 07481.

11.      Upon information and belief, AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12.      Upon information and belief AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

13.     Owner/ Operator Defendant Fangcheng Liang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq.

14.     Upon information and belief, Fangcheng Liang determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

15.     Owner/ Operator Defendant Xiaonan Zhao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq.

16. Upon information and belief, Xiaonan Zhao determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

17. Owner/ Operator Defendant Qizhan Jack Yao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq.

18. Upon information and belief, Qizhan Jack Yao determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff brings this action individually and on behalf of all other and former non-exempted waiters, waitresses, servers, busboys, kitchen staff, and delivery workers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF FACTS

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wages, and at least the lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

22.     From July 16, 2017 to October 15, 2017, Plaintiff Gan Di Lin was employed by AZURE ENTERPRISES LLC d/b/a Aoyama French Thai & Japanese ("Corporate Defendant"), FANGCHENG LIANG, a/k/a Peter Liang, XIAONAN ZHAO, and QIZHAN JACK YAO located at 319 Franklin Ave., Suite 112, Wyckoff, NJ 07481 as a sushi bar chef.

23.     Corporate Defendant Azure Enterprises LLC regularly purchased and handled goods moved in interstate commerce, including food items and produce such as fish produced out of the State of New Jersey.

24.     Plaintiff, as a sushi chef, regularly handled goods moved in interstate commerce, such as fresh fish and sea produce, and sauce produced outside the State of New Jersey.

25.     While employed by Defendants, Plaintiff was not exempted under federal and state laws requiring employers to pay employees overtime.

26.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

27.     Throughout his employment, Plaintiff was employed by Defendants to work as a sushi bar chef at their restaurant located at 319 Franklin Ave., Suite 112, Wyckoff, NJ 07481.

28.     Plaintiff regularly worked six days a week and took one day off as assigned randomly and he worked the following schedules: from 11:00 am to 10:00 pm with a lunch break from 3:00 p.m. to 4:00 p.m. for around ten (10) hours every working day from Monday to Thursday; from 11:00 am to 11:00 pm with a lunch break from 3:00 p.m. to 4:00 p.m. for around eleven hours (11) on Friday and Saturday; from 2:00 pm to 10:00 pm without a break for eight hours (8) on

Sunday; Plaintiff was also responsible for driving co-workers to and from work between Flushing, New York and Wyckoff, New Jersey on Monday: Plaintiff would pick up his co-workers at around 10:00 am at Flushing Main Street and would drop them off at the same place at 11:00 p.m. Plaintiff's weekly working hours range from 59 to 62 hours.

29.     During the first two weeks of his employment, Defendants promised Plaintiff to pay him at a fixed weekly rate of $750 regardless of the number of hours he worked. Starting from the third week of his employment, Defendants promised to pay him at a fixed weekly rate of $800 regardless of the number of hours he worked. Defendants also promised to pay Plaintiff another $15 per week if he drove commuting employees on Monday.

30.     Defendants gave Plaintiff four checks issued by Azure enterprises LLC as wage payments: one for $1,000 dated 8/15/17, one for 2,500 dated 10/26/17, one for $2,500 dated 10/31/17, and one for $3,150 dated 11/7/17.  However, all four checks returned insufficient funds. The total compensation Plaintiff received throughout his employment is $2625.00 in cash.

31.     Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his regular rate, whichever is greater, for all hours worked above forty (40) in each workweek.


**STATEMENT OF CLAIMS**
**COUNT I.**
**[Violations of the Fair Labor Standards Act—**
**Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

32.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

6

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

34.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

35.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pays violated the FLSA.

36.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

37.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

38.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

39.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
## [Violation of New Jersey Wage and Hour Law-Claim for Overtime Wages]

40.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff are entitled to.

42.     Defendants' failure to pay Plaintiff was not in good faith.

43.     By failing to pay Plaintiff and the collective members, the Plaintiff are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

## COUNT III.
## [Violation of New Jersey Wage Payment Law—Claim for Unpaid Wages]

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-4.1.

46.     At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-4.1

47.     Defendants willfully failed to pay Plaintiff's wages that Plaintiff was entitled under New Jersey Wage Payment Law, in violation of New Jersey Statutes Annotated 34:11-4.2 and 34:11-4.3.

48.     Due to Defendants' violations of the New Jersey Wage Payment Law, Plaintiff is entitled to recover from Defendants, jointly and severally, her full amount of wages due pursuant to the New Jersey Wage Payment Law, all in an amount to be determined at Trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs respectfully requests that this Court enter a judgment providing the following relief:

a)     Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)     Certification of this case as a collective action pursuant to FLSA;

c)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid wages, overtime wages due under FLSA, NJWPL and NJWHL plus compensatory and liquidated damages;

g)    An award of unpaid overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

h)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

j)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

k)    The cost and disbursements of this action;

l)    An award of prejudgment and post-judgment fees; and

m)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
          June 11, 2018

                                        Respectfully Submitted,

                                        HANG & ASSOCIATES, PLLC

                                        By: /s/   Ge Qu                
                                            Ge Qu (GQ 5837)

136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

     I am an employee currently or formerly employed by Azure Enterprises LLC d/b/a Aoyama French Thai & Japanese, Peter Liang, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Gian Di Lin_
Full Legal Name (Print)

_Gian Di Lin_
Signature

_5/23/18_
Date